UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy Shaw, | ) C/A No. 9:16-1122-RBH-BM |
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| Tim Rogers, *Commissary Manager*; Leroy Cartledge, *Warden*; Scott Lewis, *Asst. Warden*, James Parker, *Asst. Warden*; Frank Mursier, *Major*; S. Terry, *Lt.*; O. Blair, *Officer*; S.C.D.C. | ) |
| Defendants. | ) |

The Plaintiff, Leroy Shaw, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. At the time of the incidents alleged in the Complaint, he was an inmate at the McCormick Correctional Institution, part of the South Carolina Department of Corrections (SCDC). However, he has now been transferred to the Broad River Correctional Institution, also part of the SCDC. See Change of Address Notice, ECF No. 6. Plaintiff alleges violations of his constitutional rights by the named Defendants.

Specifically, Plaintiff alleges that he was given "state clogs," a form of a sandal that has twenty-three manufactured holes which allow the wearer's feet to be exposed to the elements, to wear at MCI. He claims that wearing clogs exposes his feet to cold, rain, and snow during inclement weather, as well as putrid matter and stagnant water from sidewalk drains, because he has to walk a block to a block and a half to go from his dorm to the kitchen or the mail room. Plaintiff contends that he sent a request to staff form to Defendant Tim Rogers, the MCI Commissary Manager, asking that he be issued state boots or better equipped shoes, but that Rogers declined

Plaintiff's request, telling Plaintiff that boots are job specific. Plaintiff alleges that he then filed a Step 1 grievance with the SCDC, which Defendant MCI Warden Larry Cartledge denied because SCDC boots are issued for job specific reasons only. Warden Cartledge also told Plaintiff that if he was having trouble with his feet he could sign up for sick call. ECF No. 1-1 at 1-2.

Plaintiff alleges he then filed a Step 2 grievance with the SCDC, to which Bernard McKie responded that SCDC Policy ADM-1608, "Commissary Operations" section 4.1.7, provides that job specific clothing and footwear will be provided by the institutional Commissary Manager as specified by the "Inmate Clothing Authorization Matrix." McKie noted that Plaintiff was issued clogs on October 8, 2014, and suggested that if Plaintiff was experiencing problems with his feet he should sign up for sick call to have his feet examined. ECF No. 1-1 at 3. Plaintiff claims that Defendants Cartledge, Lewis, Parker, Mursier, Terry, and Blair were on notice of his complaint through Plaintiff's filing of his grievance, but they "exhibited deliberate indifference to [Plaintiff's rights] by failing to act on information indicating that unconstitutional acts were occurring, on the basis of retaliation for prior lawsuit involvement." ECF No. 1 at 4. Plaintiff requests monetary damages and an injunction against prison officials to prevent future violations. ECF No. 1 at 6.

## Discussion

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se

2

complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

First, to the extent that Plaintiff is seeking injunctive relief, his claims are potentially moot, as Plaintiff is no longer housed at MCI, having been transferred to BRCI, a different prison. See Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009) ["[A] prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."](citing Incumaa v. Ozmint, 507 F.3d 281, 286–87 (4th Cir. 2007)); Williams v. Griffin, 952 F.2d 820, 823 (4th Cir.1991)[The transfer of a prisoner renders moot his claims for injunctive and declaratory relief.]. Mootness is a jurisdictional question and thus may be raised sua sponte by a federal court at any stage of proceedings. North Carolina v. Rice, 404 U.S. 244, 246 (1971). Even so, insofar as Plaintiff trying to get a pair of boots is being thwarted pursuant to an SCDC policy that is applied system-wide, his claim for injunctive relief may not be moot. Even in that event, however, his claim is still without merit.



3

Plaintiff alleges that he was subjected to cruel and unusual punishment because he was issued clogs and not boots. To state a claim that a condition of confinement violates the constitution, "a plaintiff must show 'both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). Further, a plaintiff asserting unconstitutional conditions of confinement must demonstrate that he has suffered a serious or significant physical or mental injury as a result of the challenged condition. See Strickler, 989 F.2d at 1380–81. Plaintiff has not alleged that he has suffered any serious or significant injury due to the footwear he has been provided (which Plaintiff describes as "mere sandals"). To the contrary, Plaintiff specifically states that "he is not having any medical problems or stated [sic] any medical problems with his feet[]." ECF No. 1 at 3. Plaintiff also states in his complaint that he "was not having any medical problems with his feet[]." Id. at 3-4. Additionally, Plaintiff has not alleged that he has a job that requires boots instead of clogs, or that he has a medical condition (or any recommendation from a physician) such that he needs boots. Indeed, prison personnel have advised him that he could pursue a possible medical solution to his request, but he has opted not to pursue that option. Thus, Plaintiff's deliberate indifference claims should be dismissed as Plaintiff has failed to allege any serious or significant injury from his conditions of confinement. See, e.g., Smalls v. Byars, No. 0:12-1189-RBH-PJG, 2012 WL 3230540 (July 13, 2012)[Finding that Plaintiff's speculative allegation that his provided footwear "will get wet in the rain and cold in the winter" insufficient to state a claim for deliberate indifference], adopted by 2012 WL 3230497 (Aug. 6, 2012).



4

Plaintiff also alleges that the Defendants[1] exhibited deliberate indifference to his rights by "failing to act on information indicating that unconstitutional acts were occurring, on the basis of retaliation for prior lawsuit involvement." ECF No. 1 at 4. Retaliation against an inmate for exercising his First Amendment right of access to the courts can support a claim for relief under § 1983. Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir.1978); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994); American Civ. Liberties Union v. Wicomico Cty., 999 F.2d 780, 785–86 & n. 6 (4th Cir. 1993). However, Plaintiff does not state in his allegations what the "prior lawsuit involvement" was that allegedly was the basis for retaliation, he has not alleged facts to show that any claimed retaliation was intended to have a chilling effect on the exercise of his right of access to the courts, nor has he alleged any causal relationship between his speech (prior lawsuit involvement) and the Defendants' alleged retaliatory action (which appears to be the denial of boots because Plaintiff did not have a job specific need for them). Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685–86 (4th Cir. 2000). As such, Plaintiff's bare assertions of retaliation do not establish a constitutional claim. See Adams v. Rice, 40 F.3d at 74.

Finally, to the extent Plaintiff may be or is attempting to assert that one or more of the named Defendants have been negligent, that would be a state law claim that Plaintiff could pursue in State Court. However, such claims are not actionable under § 1983. See Davidson v. Cannon, 474 U.S. 344, 345–48 (1986); Daniels v. Williams, 474 U.S. 327, 328–36 & n. 3 (1986). Additionally, for the reasons discussed, since Plaintiff has asserted no valid federal claim, this Court

---

[1] To the extent that Plaintiff is attempting to assert claims against some of these Defendants based on a theory of respondeat superior, those individuals would be entitled to dismissal as party Defendants, even if Plaintiff's clams were otherwise to proceed, as a § 1983 claim for supervisory liability cannot rest on the doctrine of respondeat superior. Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999).



5

should not exercise supplemental jurisdiction over any such state law claims.[2] See 28 U.S.C. § 1367; see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620, 626 (4th Cir. 2002)[affirming district court's dismissal of state law claims when no federal claims remained in the case]. Lovern v. Edwards, 190 F.3d 648, 655 (4th Cir. 1999) ["[T]he Constitution does not contemplate the federal judiciary deciding issues of state law among non-diverse litigants"]. Thus, Plaintiff's state law claims for negligence (if asserted) should be dismissed without prejudice.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

Bristow Marchant
United States Magistrate Judge

June 28, 2016
Charleston, South Carolina

---

[2] While a civil action for a state law claim would be cognizable in this Court on its own under the federal diversity statute, that statute requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). See 28 U.S.C. § 1332(a). Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. See Owen Equipment & Erection Co. v. Kroger, 437 U.S. 365, 372-374 (1978). Here, all parties to this action are residents of South Carolina, so diversity of citizenship does not exist. Accordingly, this Court has no diversity jurisdiction over any state law claims being asserted.

6

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

