UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Leroy Shaw, ) | Civil Action No.: 9:16-cv-01122-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Tim Rogers, *Commissary Manager*; Leroy ) | |
| Cartledge, *Warden*; Scott Lewis, *Asst.* ) | |
| *Warden*; James Parker, *Asst. Warden*; Frank ) | |
| Mursier, *Major*; S. Terry, *Lt.*; O. Blair, ) | |
| *Officer*; and S.C.D.C, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Leroy Shaw, a state prisoner proceeding pro se, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983 against the above-named Defendants alleging violations of his constitutional rights. *See* Compl., ECF No. 1. The matter is now before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Bristow Marchant, who recommends summarily dismissing Plaintiff's complaint without prejudice and without issuance and service of process.[1] *See* R & R, ECF No. 11. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs., ECF No. 13.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge reviewed Plaintiff's complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of pro se litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally. It does not require those courts to conjure up questions never squarely presented to them.").

remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## **Discussion**[2]

In his complaint, Plaintiff alleges that while he was incarcerated at the McCormick Correctional Institution, state prison officials provided him rubber clogs for footwear but refused to provide him boots or other "better equipped shoes that will help fight against the elements of the weather." *See* Compl. at 3-4. He also makes the conclusory allegation that Defendants have retaliated against him "for prior lawsuit involvement." *Id.* at 4-5. Plaintiff seeks injunctive relief and monetary damages.[3] *Id.* at 6.

---

[2]   The Court incorporates by reference the applicable procedural history, full factual summary, and relevant legal standards set forth in the Magistrate Judge's R & R.

[3]   Plaintiff submitted with his complaint copies of administrative grievances filed with prison officials. *See* ECF No. 1-1.

The Magistrate Judge recommends that the Court summarily dismiss Plaintiff's complaint without prejudice and without issuance and service of process. R & R at 6. The Magistrate Judge recognizes Plaintiff has asserted two primary claims under § 1983: (1) an Eighth Amendment claim for an unconstitutional condition of confinement (relating to his footwear); and (2) a First Amendment claim for retaliation (relating to Plaintiff's access to the courts in prior litigation). *Id.* at 1-5. Plaintiff has filed several objections to the R & R.[4] *See* Pl.'s Objs., ECF No. 13.

In his first objection, Plaintiff contends the Magistrate Judge should have sent him a pretrial order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Pl.'s Objs. at 1. In *Roseboro*, the United States Court of Appeals for the Fourth Circuit set forth the standard by which district courts must provide pro se litigants an explanation of the procedures for responding to dispositive motions (such as a motion to dismiss or a motion for summary judgment) filed by a defendant and the consequences of not responding. *See* 528 F.2d at 310. Of course, a *Roseboro* order will not issue if no dispositive motion has been filed. In this case, the Magistrate Judge did not authorize service on any of the named defendants, and therefore no defendant has appeared, much less filed a dispositive motion. Thus, the Magistrate Judge never could have issued a *Roseboro* order.[5] The Court overrules Plaintiff's first objection.[6]

---

[4]  Plaintiff has attached various exhibits to his objections, including copies of administrative grievances filed with prison officials, an order of the South Carolina Administrative Law Court, and two prior orders of this Court. *See* ECF No. 13-1.

[5]  The Magistrate Judge recommends summary dismissal based on his screening of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, which require district courts to review prisoner complaints "as soon as practicable after docketing" and permit summarily dismissal of the complaint without service and issuance of service of process if the complaint is frivolous, malicious, or—as in this case—fails to state a claim upon which relief may be granted.

[6]  To the extent Plaintiff claims in his first objection that the Magistrate Judge should have permitted him an opportunity to amend his complaint, *see* Pl.'s Objs. at 1, such amendment would have been futile for the reasons explained below.

3

In his second objection, Plaintiff disputes the Magistrate Judge's finding that his request for injunctive relief is potentially moot because he has been transferred to another prison (Broad River Correctional Institution) since filing this lawsuit. Pl.'s Objs. at 2; *see* R & R at 3 (citing ECF No. 6, Plaintiff's notice of change of address). The Magistrate Judge, however, acknowledges in the R & R that Plaintiff's request for injunctive relief may not be moot if the South Carolina Department of Corrections applies its shoe policy systemwide to all correctional facilities. *See* R & R at 3; *see generally Washington v. Harper*, 494 U.S. 210, 218-19 (1990) (holding the prisoner's claims were not moot, despite his transfer to a non-offending facility, because the "[t]he alleged injury [involuntary administration of antipsychotic drugs] likely would recur" due to a state prison policy). Regardless of the mootness issue, Plaintiff is not entitled to injunctive relief because his claim regarding footwear is without merit, as explained in the following paragraph.

In his third objection, Plaintiff opposes the Magistrate Judge's recommendation that the Eighth Amendment claim regarding his footwear should be dismissed because he has failed to allege any serious or significant injury from this condition of confinement. Pl.'s Objs. at 3-4; *see* R & R at 4. Plaintiff contends "the Magistrate Judge has miscontrue[d] his cruel and unusual punishment claim." Pl.'s Objs. at 3. He asserts he "never stated that he was subjected to cruel and unusual punishment because he was issued clogs and not boots," but instead "stated that their [*sic*] are sixteen manufactor [*sic*] holes in the state clogs which causes the plaintiff to suffer from the elements of the weather . . . and future health concerns such as arthritis in the bones which is a serious risk for an injury in the future." *Id.*

Having reviewed and liberally construed Plaintiff's complaint, the Court finds no error in the Magistrate Judge's interpretation of Plaintiff's claim regarding his footwear brought under the Eighth

Amendment.[7] Moreover, the Court agrees with the Magistrate Judge's substantive recommendation that this claim warrants summary dismissal.

The Eighth Amendment, which prohibits the infliction of "cruel and unusual punishments," protects inmates from inhumane treatment and conditions during incarceration. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). To succeed on an Eighth Amendment claim that a prisoner was not provided humane conditions of confinement, the prisoner must prove "(1) that the deprivation of [a] basic human need was *objectively* sufficiently serious, and (2) that *subjectively* the officials act[ed] with a sufficiently culpable state of mind." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003) (alterations in original) (internal quotation marks omitted). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *Id.* "In order to demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions, or demonstrate a substantial risk of such serious harm resulting from the prisoner's exposure to the challenged conditions." *Id.* (internal quotation marks and citations omitted).

In the instant case, Plaintiff has failed to demonstrate an extreme deprivation because he has not alleged he suffered a serious or significant physical or mental injury or demonstrated a substantial risk of such serious harm resulting from his having to wear rubber clogs in prison. Although Plaintiff argues in his objections that he has "future health concerns such as arthritis in the bones," *see* Pl.'s Objs. at 3, he does not allege any serious harm has occurred or is imminent. In fact, Plaintiff even states in his

---

[7] Plaintiff states in his objections that there are "sixteen manufactor [*sic*] holes in the state clogs," while the Magistrate Judge states in the R & R that there are "twenty-three manufactured holes." *Compare* Pl.'s Objs. at 3, *with* R & R at 1. The Magistrate Judge's statement accurately summarizes the allegation in Plaintiff's complaint that the "state clogs . . . have twenty-three manufactor [*sic*] holes." *See* Compl. at 3 (showing "sixteen" is struck-through and substituted with "twenty-three"). In any event, this minor discrepancy regarding the number of holes in the clogs is of no consequence to the Court's decision in this case.

complaint that he "is not having any medical problems or stated or reported any medical problems with his feet[]" and that he "was not having any medical problems with his feet[]." Compl. at 3-4. Moreover, the Court is mindful of the well-established principle "that absent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons or substitute their judgment for that of the trained penological authorities charged with the administration of such facilities." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). The type of footwear issued Plaintiff is a matter within the judgment of prison officials. Accordingly, Plaintiff has failed to state an Eighth Amendment claim regarding unconstitutional conditions of confinement regarding his footwear, and the Court overrules his third objection.[8]

In his fourth and final objection, Plaintiff appears to respond to the Magistrate Judge's finding that he has failed to state a claim for retaliation regarding exercise of his First Amendment rights, namely access to the courts. Pl.'s Objs. at 4-5; *see* R & R at 5. Plaintiff does not challenge the Magistrate Judge's finding, but he does supplement the allegations in his complaint regarding the "prior lawsuit involvement" mentioned in his complaint. *See* Compl. at 4-5. Specifically, when his complaint and objections are read together, Plaintiff seems to indicate prison officials issued him clogs and denied him boots or other footwear in retaliation for his filing a complaint in *Shaw v. Byars*, Civ. No. 9:12-cv-00520-RBH (D.S.C.), and for his litigating that case in this Court.[9] *Compare* Compl. at 4-5,

---

[8] The Court notes the Magistrate Judge recommends that the Court decline to exercise supplemental jurisdiction over any potential negligence claims Plaintiff has asserted. R & R at 5-6. In his objections, Plaintiff quotes the Magistrate Judge's recommendation but does not actually object to it or point to any specific error in the Magistrate Judge's reasoning. *See* Pl.'s Objs. at 5. Although the Court's scope of review in such a situation is only for clear error, *see Diamond*, 416 F.3d at 315, the Court has nonetheless exercised its discretion and conducted a de novo review of the Magistrate Judge's recommendation. Having done so, the Court agrees with the Magistrate Judge that supplemental jurisdiction over any potential state law negligence claims is inappropriate.

[9] In *Shaw*, this Court overruled Plaintiff's objections, adopted the magistrate judge's R & R, and granted the defendants' motion for summary judgment. *See Shaw*, Civ. No. 9:12-cv-00520-RBH (D.S.C.), at ECF No. 130. The Fourth Circuit affirmed this Court's decision on appeal. *Id.* at ECF No. 142.

*with* Pl.'s Objs. at 4-5. Plaintiff has also attached a copy of a Step 1 Inmate Grievance Form that he filed with prison officials on December 31, 2012, apparently relating to the First Amendment retaliation claim. *See* ECF No. 13-1 at 8.

The Court is aware that Plaintiff states on the first page of his objections that the Magistrate Judge should have permitted him to amend his complaint. Pl.'s Objs. at 1. Thus, when liberally construing Plaintiff's objections as this Court must, it is possible Plaintiff is seeking to amend his complaint to supplement his conclusory allegation regarding his First Amendment retaliation claim. However, as the Court will explain, such amendment would be futile.

"Retaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." *Am. Civil Liberties Union of Maryland, Inc. v. Wicomico Cty.*, 999 F.2d 780, 785 (4th Cir. 1993) (involving a First Amendment retaliation claim). "A plaintiff alleging that government officials retaliated against her in violation of her constitutional rights must demonstrate, *inter alia*, that she suffered some adversity in response to her exercise of protected rights." *Id.* "Retaliation, though it is not expressly referred to in the Constitution, is nonetheless actionable because retaliatory actions may tend to chill individuals' exercise of constitutional rights." *Id.*

"The filing of a lawsuit carries significant constitutional protections, implicating the First Amendment right to petition the government for redress of grievances, and the right of access to courts." *Id.* A plaintiff alleging a First Amendment retaliation claim need not show that the state action taken in response to his exercise of First Amendment rights independently deprived him of a constitutional

7

right.[10]  *Id.* at 786 n.6.  However, the plaintiff must show he suffered "more than a *de minimis* inconvenience"; if a plaintiff cannot, on the facts of the case, show more than a *de minimis* inconvenience, such inconvenience does not constitute cognizable retaliation under the First Amendment. *Id.*

Under the First Amendment, "[s]tate prisoners have a constitutional right of meaningful access to the courts which a state may not abridge nor impair; nor may it impermissibly burden its exercise. Once judicial proceedings have been commenced, the state may not punish a prisoner for having sought judicial remedies."  *Hudspeth v. Figgins*, 584 F.2d 1345, 1347 (4th Cir. 1978) (internal citations omitted).  The United States Court of Appeals for the Fourth Circuit has recognized a § 1983 cause of action for retaliation against an inmate based on his exercise of access to the courts:

> Retaliation against an inmate for the exercise of his right to access the courts states a claim.  Retaliation by an official is actionable even if the act would have been proper if taken for different reasons.  In order to state a retaliation claim, the plaintiff must allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right.  ***The plaintiff must allege sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the exercise of the right to access the courts and show that he suffered more than de minimis inconvenience.***  The prisoner need not succumb entirely or even partially to the threat; it is sufficient that the retaliation was intended to limit the prisoner's right of access to the court and was reasonably calculated to have that effect.  However, the plaintiff must allege specific facts supporting his claim of retaliation; bare assertions of retaliation do not establish a claim of constitutional dimension.

*Goodman v. Smith*, 58 F. App'x 36, 37-38 (4th Cir. 2003) (internal citations omitted) (emphasis added).

In this case, Plaintiff's allegations indicate he believes state prison officials retaliated against

---

[10]     "Such a rule would make a cause of action for retaliation wholly redundant of the protections provided by the Constitution itself."  *Am. Civil Liberties Union*, 999 F.2d at 786 n.6.

8

him—in response to his filing a prior lawsuit—by issuing him rubber clogs rather than boots or other shoes. *See* Compl. at 4-5; Pl.'s Objs. at 4-5. Although Plaintiff need not show this alleged retaliation independently deprived him of a constitutional right (such as an outright violation of the Eighth Amendment's prohibition of cruel and unusual punishment), *see Am. Civil Liberties Union*, 999 F.2d at 786 n.6., he must (1) allege sufficient facts to warrant concern that the purported retaliation might have a chilling effect on the exercise of right to access the courts; and (2) show he suffered more than a *de minimis* inconvenience. *See Goodman*, 58 F. App'x at 38. The Court finds that given the facts of this case, issuance of rubber clogs rather than other footwear is not sufficiently adverse to Plaintiff to constitute retaliation within the meaning of the First Amendment. Accordingly, Plaintiff has failed to state a cognizable retaliation claim because he has not established sufficient facts to warrant concern that the alleged retaliation might have a chilling effect on the exercise of the right to access the courts, and because he has suffered no more than a *de minimis* inconvenience as a result of the alleged action taken by state prison officials. Consequently, to the extent Plaintiff seeks to amend his complaint regarding the First Amendment retaliation claim, such amendment would be futile. *See* Fed. R. Civ. P. 15(a)(2); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) ("[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile.").

## **Conclusion**

The Court has reviewed the entire record, including Plaintiff's complaint, the Magistrate Judge's R & R, and Plaintiff's objections, and the Court has applied the relevant law. The Court has conducted a de novo review of the R & R and finds no merit in Plaintiff's objections. For the reasons stated in this Order and in the Magistrate Judge's R & R, the Court overrules Plaintiff's objections and adopts and

incorporates the R & R [ECF No. 11] by reference.  Accordingly, the Court **DISMISSES** Plaintiff's complaint *without prejudice and without issuance and service of process*.

    **IT IS SO ORDERED.**

Florence, South Carolina                                                s/ R. Bryan Harwell
July 29, 2016                                                          R. Bryan Harwell
                                                                                United States District Judge